ANDREWS and others *against* THE GENERAL THEO LOGICAL SEMINARY OF THE PROTESTANT EPISCOPAL CHURCH IN THE UNITED STATES, THE NEW YORK BIBLE AND COMMON PRAYER BOOK SOCIETY and others.

### *Gifts to religious and charitable uses.*

IN this case, two legacies, given by the will of Henry Pope, of Brooklyn, in the county of Kings, who died in 1827, were declared void by the Assistant Vice-Chancellor of the first district, and by the Superior Court of the city of New York.

By one bequest, the testator gave to the Auxiliary Bible and Common Prayer Book Society, at the death of the last survivor of four annuitants, named in the will, fifteen hundred dollars, to be placed at interest, and the interest added to the principal for twenty-one years, or until the sum should amount to five thousand dollars (whichever should first happen), and the income thereafter to be expended in the purchase and gratuitous distribution of common prayer books.

By the other bequest, the testator gave certain coins and medals, and the sum of two thousand dollars, to the

trustees and executors named in the will, upon trust, that if upon the death of the surviving annuitant there should be in existence any theological seminary in this state, established under the authority of the general convention of the Protestant Episcopal Church, for the instruction in theological learning of young men intended for the ministry in said church, the trustees should deliver the coins and medals, and pay the money to the managers of such seminary, the coins and medals to be preserved for the use of the seminary, and the interest of the money to be applied in support of a scholarship, to be filled by one of testator's kindred; and if none should be found qualified and willing to fill such scholarship, then the interest to be given to such person in priest's orders in said church, as the bishop of the diocese of New York should appoint — who should preach in Trinity church at such time or times during the sitting of the convention of the Protestant Episcopal Church in said state, as said bishop should appoint, one or more lectures of his own composition, upon the evidences and truths of the Christian religion, and should afterwards print and publish the same; such disposition to continue yearly until one of the testator's kindred should be found, willing and qualified to take the scholarship; and the like disposition forever thereafter in like case of vacancy. If no such seminary should be in existence at the death of the last surviving annuitant, the coins and medals were to be retained, and the money to be kept at interest and accumulated by the trustees, until such institution should be formed — and if not formed within twenty-one years after the death of the last annuitant, the whole to fall into the general residue of the estate.

The charter of the Auxiliary New York Bible and Common Prayer Book Society, granted in 1817, expired in 1837. That society was organized, and had, during its existence, acted as an auxiliary to the New York

Bible and Common Prayer Book Society, whose corporate powers are still in force, and who claimed the legacy of fifteen hundred dollars.

The General Theological Seminary of the Protestant Episcopal Church in the United States, which was, at the death of the last surviving annuitant (which occurred in 1844), and still is, an incorporated seminary in this state, answering the description given in the will, claimed the coins and medals, and the legacy of two thousand dollars.

The trustees named in the will refused to accept the trust. An administrator with the will annexed was made a defendant in the bill, which was filed by residuary legatees, to obtain a construction of the will and a distribution of the estate.

The Court of Appeals reversed the decrees made by the Assistant Vice-Chancellor and the Superior Court, upon the ground that all the bequests might eventually be sustained, as gifts to religious and charitable uses, but without determining absolutely that question, as there was no trustee or person before the court who could claim the disposition of the legacy given to the Auxiliary Bible and Common Prayer Book Society. The record was remitted, with leave to the complainants to amend their bill so as to make the Attorney-General a party, and to proceed with the cause in the courts below.

(S. C., 4 Sandf. 156; 8 N. Y. 559.)